

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Sam L. Harrison
County Attorney
Robertson County
Franklin, Texas

Dear Sir:

Opinion No. O-3723
Re: Is it lawful for the Commis-
sioners of Robertson County
to continue to receive $25.00
each for traveling expenses
under the facts set forth?

Your recent request for an opinion of this depart-
ment upon the above stated question has been received.

We quote from your letter as follows:

"The County Commissioners of Robertson County,
Texas, have since art. 2350m, was passed, issued
themselves the sum of twenty-five dollars per month
for traveling expenses while on official business.
The said art. 2350m was designated by Acts of the
45th Leg., 1937, p. 571, ch. 282, effective May 5th,
1937. It being a special and local act, it is set
out here and reads as follows:

"'In all counties in this State hav-
ing a population of not less than twenty-
seven thousand two hundred and thirty-nine
(27,239) and not more than twenty-seven
thousand four hundred (27,400), and in all
counties in this state having a population
of not less than twenty-two thousand six
hundred and forty-two (22,642), and not
more than twenty-two thousand six hundred
and fifty (22,650), and counties having
a population of not less than twenty-five
thousand three hundred and ninety-four
(25,394), and not more than twenty-five
thousand four hundred and four (25,404),

Honorable Sam L. Harrison, Page 2

according to the last preceding Federal Census, the Commissioners Court of such County is hereby authorized to allow each Commissioner the sum of Twenty-five Dollars ($25.00) per month for traveling expenses while on official business.'

"The population of Robertson County in 1930 was twenty-seven thousand two hundred and forty (27,240).

"The population of Robertson County in 1940 is twenty-five thousand seven hundred and ten (25,710).

"The question that has been raised in my mind, is, 'Is it lawful for the commissioners of Robertson County, Texas, to continue to issue the said twenty-five dollar ($25.00) allocation for traveling expenses in view of the fact, that this Act as it so states is based on the last preceding Federal Census, and being dated in 1937, and then too in view of the fact that the population bracket as is set out above in the exact wording of the Act, has changed, in that the population of Robertson Co. for 1940 is only twenty-five thousand seven hundred and ten (25,710).

"Is it not a fact, that for the commissioners to continue to issue the said twenty-five dollars ($25.00), according to law, it be necessary that the said Act be re-introduced in the Legislature and passed as in 1937, and that the population bracket include the population of Robertson County as of 1940?

". . . ."

This department has heretofore held a large number of similar Acts to be unconstitutional on the grounds that said Acts are in violation of Section 56 of Article III of the Constitution of Texas. Therefore, it is our opinion that the above mentioned Act quoted in your letter is a special or local law attempting to regulate the affairs of the County and is unconstitutional and void. We cite the following

authorities sustaining this proposition: Smith vs. State, 49 S. W. (2d) 739; Wood vs. Marfe Independent School District, 123 S. W. (2d) 429; Altgelt vs. Gutzeit, 201 S. W. 400; Bexar County vs. Tynan, 97 S. W. (2d) 467; City of Fort Worth vs. Bobbitt, 36 S. W. (2d) 470; and Miller, et al. vs. County of El Paso, et al., handed down by the Supreme Court on April 23, 1941, not yet reported.

We call your attention to Article 2340, Vernon's Annotated Civil Statutes which provides:

"Before entering upon the duties of their office, the County Judge and each Commissioner shall take the official oath, and shall also take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the County in which he resides, except such warrants as may issue to him as fees of office. Each Commissioner shall execute a bond to be approved by the County Judge in the sum of $3,000, payable to the County Treasurer, conditioned for the faithful performance of the duties of his office, that he will pay over to his County aldermen as illegally paid to him from out of County funds, as voluntary payments or otherwise, and that he will not vote or give his consent to pay out of County funds except for lawful purposes."

According to the 1940 Federal Census, Robertson County has a population of 25,710 inhabitants and does not come within the population brackets set forth in the above mentioned Act. As above stated the Act quoted above is unconstitutional and void and the Commissioners Court has no legal authority whatsoever to receive $25.00 each per month, or any other amount, for traveling expenses while on official business.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

AW:mp